UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ELPIDIO ENRIQUEZ,<br><br>　　　　　　　　Defendant. | Case No.: 17-CR-3293-BEN-1<br><br>**ORDER:**<br><br>**(1) SETTING BRIEFING SCHEDULE RE: DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT, 18 U.S.C. § 3582(c)(1)(A)(i)**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF No. 66, 67] |

**I.    INTRODUCTION**

Before the Court is Defendant Elpidio Enriquez's ("Defendant") Motion to Reduced Sentence Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 66, and Motion to File Documents Under Seal, ECF. No. 67.  For the reasons discussed below, the Court (1) orders the Government to respond to Defendant's Motion, ECF No. 66, by January 9, 2021, ensuring it addresses the issues raised within this order, and (2) **GRANTS** Defendant's Motion to Seal, ECF No. 67.

## II. BACKGROUND

On September 17, 2017, a United States Marine Patrol Aircraft identified several vessels approximately 125 nautical miles south of the Mexico/Guatemala border, traveling in the vicinity of the United States Coast Guard Cutter ("USCGC") James I. ECF No. 33 at 4. One of these vessels was told by the USCGC to stop, yet, continued at a high rate of speed. *Id.* The USCGC dispatched a small boat to board and inspect the vehicle and discovered 12 bales, amounting to 547 kilograms, which tested positive for cocaine. *Id.* at 4-5. Upon being interviewed, Defendant stated that he was recruited to transport 23 sacks of drugs from Colombia to Guatemala. *Id.* at 4.

On October 11, 2017, the grand jury issued an indictment, charging Defendant with two counts: Count 1, conspiracy to distribute cocaine on board a vessel, 46 U.S.C. §§ 70503 and 70506(b), and Count 2, knowingly and intentionally possessing, with intent to distribute, approximately 600 kilograms of cocaine, a Schedule II Controlled Substance, 46 U.S.C. § 70503, and aiding and abetting while on board a vessel, 18 U.S.C. § 2. ECF No. 1.

On January 23, 2018, Defendant consented to entering a Rule 11 plea. ECF No. 25. That same day, Defendant signed a written plea agreement, pursuant to which Defendant agreed to plead guilty to Count 2 of the Indictment in exchange for the Government's agreement (1) "not to charge him with an enhanced penalty for the intant offense pursuant to 21 U.S.C. § 851, which under the facts of this case, carries a 20-year mandatory minimum sentence" and (2) to "dismiss Count 1 of the underlying indictment without prejudice after Defendant is sentenced." ECF No. 26 at 2.

On January 29, 2018, Magistrate Judge William Gallo issued his Findings and Recommendation that the Court accept Defendant's guilty plea. ECF No. 29. On March 5, 2018, after no objections were received, this Court issued an order accepting the Findings and Recommendation of the Magistrate Judge, adopting Defendant's plea of guilty to County 2 of the Indictment. ECF No. 31. Prior to sentencing, the Government recommended a sentence of 120 months in custody, ECF No. 46, while Defendant

requested a sentence of 120 months in custody and three years of supervised release, ECF No. 47. According to the Presentence Investigation Report, based on Defendant's total offense level of 37 and Criminal History Category II, the guideline imprisonment range was 235 months to 293 months. ECF No. 33 at 13.

On July 31, 2018, this Court sentenced Defendant to 180 months in prison and 10 years of supervised release after he pled guilty to Count 2 of the indictment, possession of cocaine with intent to distribute on board a vessel and aiding and abetting in violation of 46 U.S.C. 70503 and 18 U.S.C. § 2. ECF No. 57. During the sentencing hearing, the Court noted that had the Government filed an information pursuant to 18 U.S.C. § 851, the mandatory minimum sentence would have been twenty years, or 240 months, in part, due to the fact that this was Defendant's second offense. ECF No. 60 at 5:10-17. However, in the absence of being able to apply a repeat offender enhancement, the Court calculated Defendant's adjusted offense level as 36, carrying a guideline sentence of 210 months to 260 months. *Id.* at 19:16-20:15. "After considering the 3553(a) factors," the Court "believe[d] that a sentence of 180 months [was] reasonable and sufficient but not greater than necessary." *Id.* at 20:20-24. During the sentencing, the Court noted that supervised release would "be waived upon deportation, exclusion, or voluntary departure."

On November 30, 2020, Defendant filed his Motion to Reduce Sentence Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), seeking a reduction in his sentence to either (1) time served or (2) 120 months. ECF No. 66 at 4. Defendant seeks the reduction on the basis of his diagnosis with prostate cancer and a medical opinion that he likely has less than ten years to live, and as such, will not live to see his release. *Id.* Defendant also filed a Motion to File Documents Under Seal along with his motion, seeking to file his medical records in support of his aforementioned motion under seal. ECF No. 67.

According to the Bureau of Prisons, Defendant is sixty-four (64) years old, imprisoned at Forth Worth Federal Medical Center, and is scheduled for release on June 29, 2030. https://www.bop.gov/inmateloc/.

## III. LEGAL STANDARD

### A. Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582

Generally, a "court may not modify a term of imprisonment once it has been imposed." 28 U.S.C. § 3582(c). However, an exception allows courts to do so in any case where a motion is filed by either the (1) Director of the Bureau of Prisons, or (2) a federal inmate, after the earlier of having (a) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 28 U.S.C. § 3582(c)(1)(A). The Court, upon reviewing such a motion, may (1) consider the factors set forth in 18 U.S.C. § 3553(a)[1] to the extent they are applicable and (2) find that (a) "extraordinary and compelling reasons warrant such a reduction" *or* "the defendant is at least 70 years of age, has served at least 30 years in prison," (b) "the defendant is no a danger to the safety of any other person or community," and (c) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 28 U.S.C. § 3582(c)(1)(A). The United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions . . . shall describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). In the Commentary to Section 1B1.13 of the Sentencing Guidelines, covering Reduction in Term of Imprisonment, the Sentencing Commission indicates that a defendant meets the requirements of "extraordinary and compelling reasons" where the medical condition of the defendant "substantially diminishes the ability of the defendant to provide self-care within the environment of a

---

[1] Thus, courts considering a motion brought under 18 U.S.C. 3582 ("Section 3582") may consider the factors contained in 18 U.S.C. 3553(a) ("Section 3553(a)"), which include examining the (1) "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "need for the sentence imposed"; (3) "kinds of sentences available"; (4) "kinds of sentences and the sentencing range established"; (5) "pertinent policy statement"; (6) "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "need to provide restitution to any victims of the offense."

correctional facility and from which he or she is not expected to recover." U.S. SENT'G GUIDELINES MANUAL § 1B1.13, cmt. n. 1.  The conditions listed include where the defendant suffers from a (1) "terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia" and/or (2) "a serious physical or medical condition," (3) "a serious functional or cognitive impairment," or (4) "deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

In sum, a motion under 18 U.S.C. § 3582 ("Section 3582") entails two primary inquiries: "first, whether Defendant has satisfied the administrative exhaustion requirement, and second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction." *United States v. Galaz*, No. 15-CR-02559-GPC, 2020 WL 4569125, at *2 (S.D. Cal. Aug. 7, 2020). "A defendant bears the burden to show special circumstances meeting the bar set by Congress and the Sentencing Commission for compassionate release to be granted."  *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. 2020) (citing *United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

### B.     Motion to File Documents Under Seal

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to seal a judicial record then must "articulate [] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995).  The Court "conscientiously balance[s] . . . the competing interests" of the public and the party who seeks to keep

certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the Court decides to seal certain judicial records, it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir. 1986)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions).

A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Kamakana*, 447 F.3d at 1182. In ruling on motions to seal, this Court has recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. Similarly, other "sources of business information that might harm a litigant's competitive standing" may also constitute a compelling reason to seal, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), such as a company's confidential profit, cost, and pricing information, which if publicly disclosed could put the company at a competitive disadvantage, *see Apple, Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

### IV. DISCUSSION

#### A. Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582

On November 30, 2020, Petitioner filed a Motion for Issuance of a Compassionate

Release Order pursuant to 3582(c)(1)(A). ECF No. 66. Defendant argues that compassionate release is warranted due to (1) his cancer diagnosis, which requires increasing attention and care and (2) the fact that his age, cancer, and health history put him at high risk of suffering serious complications if he were to contract COVID-19. *Id.* In his motion, Defendant asks the Court to allow him to return to his home country of Guatemala, where his family can help support and care for him, noting that "the Colombian healthcare system is an effective system for poor people." *Id.* at 19:`8-21.

As a preliminary matter, the Court notes that Section 5G1.1(b) of the Federal Sentencing Guidelines Manual provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENT'G GUIDELINES MANUAL § 5G1.1(b), (c)(2). Here, Defendant pled guilty to Count 2, pertaining to knowingly and intentionally possessing, with intent to distribute, approximately 600 kilograms of cocaine, a Schedule II Controlled Substance in violation of 46 U.S.C. § 70503 ("Section 70503"). 46 U.S.C. § 70506(a) provides that "[a] person violating paragraph (1) of [S]ection 70503(a) . . . shall be punished as provided in . . . 21 U.S.C. 960." Title 21, Section 960, in turn, requires that any person who "knowingly or intentionally brings or possess on board a vessel . . . a controlled substance" amounting to "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine . . . . shall be sentenced to a term of imprisonment of not less than 10 years [120 month] and not more than life." Thus, the statutory minimum sentence in this case (120 months) was not greater than the Court's maximum of the calculated Guideline Range (260 months), [2] due to the

---

[2]   46 U.S.C. § 70506(a) provides that "if the offense is a second or subsequent offense as provided in section 1012(b) of that Act (21 U.S.C. 962(b)), the person shall be punished as provided in section 1012 of that Act (21 U.S.C. 962)." 21 U.S.C. § 962(a) provides that "[a]ny person convicted of any offense under this subchapter is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both" as well as "twice the term of supervised release otherwise authorized." However, 21 U.S.C. § 851(a)(1) provides: "No person who stands convicted of an offense under this part shall be sentenced to

fact that the Government did not file an information pursuant to 21 U.S.C. § 851.

Defendant's request for a reduction to time served or 120 months seeks either a reduction to or below the mandatory minimum sentence. According to Defendant's motion, he has "served the equivalent of a 45-month sentence so far, taking good time credits into account." ECF No. 66 at 19:12-13. In other words, Defendant has almost completed four years of his ten year mandatory minimum sentence. However, medical records as recent as October 14, 2020 confirm a current diagnosis of a malignant neoplasm of the prostate. Considering the aforementioned, this case presents unique legal issues pertaining to whether, if the Court considered Defendant's request to qualify as extraordinary and compelling reasons to reduce the sentence, the Court has the authority to (1) reduce a sentence pursuant to Section 3582(c)(1) where the defendant has not yet served the time required under the statutory mandatory minimum and (2) reduce or eliminate the statutorily required period of supervised release in order to allow Defendant to return to his home country of Guatemala, as he requests. Accordingly, the Court orders the Government to respond to Defendant's motion in accordance with the briefing schedule outlined in this order. This briefing must address these issues as well as any other issues the Government deems appropriate and relevant for the Court's consideration.

**B.   Motion to File Documents Under Seal**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*,

---

increased punishment by reason of one or more prior convictions, unless . . . before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." Here, at the sentencing hearing, the Court noted that "the Government has not filed an 851 Information in this case," but if it had, the mandatory minimum sentence would have been twenty years, or 240 months. *See* ECF No. 60 at 5:10-14. Thus, only because the Government did not file such information, the sentencing enhancement for a second offense could not be applied. If the Government had filed the information, the mandatory minimum of 240 months still would not have exceeded the Court's maximum of the calculated Guidelines Range. In sum, the Court appropriately applied the Guidelines to this case.

435 U.S. at 597 (footnotes omitted).  Accordingly, a party seeking to seal documents must satisfy the compelling reasons standard.  The fact that the Court has sealed a document once does not mean that the Court will seal the document again.  "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 597.  Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "[C]ourts within the Ninth Circuit have found that the need to protect patients' medical privacy meets the compelling reasons standard." *Rios v. Bryan*, No. 2:17-cv-3074-RFB-BNW, 2020 WL 4572319, *2 (D. Nev. Aug. 7, 2020); *see also Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019), *aff'd,* 826 F. App'x 643 (9th Cir. 2020) ("The Court finds that DHHS has shown a compelling interest in sealing the entire administrative record, as it contains Plaintiff's medical records and private information."); *Moore v. Thomas*, 653 F. Supp. 2d 984, 1011 (N.D. Cal. 2009) ("With respect to the 176–pages of Plaintiff's medical records that have been filed as part of the record . . . , the Court directs the Clerk to file these records under seal as directed below.").

Given that other district courts have lodged under seal the very type of documents at issue here along with the confidential and privileged nature of the records involved, the Court concludes compelling reasons exist to exercise its discretion and inherent authority to lodge these materials under seal.  *See Kamakana*, 447 F.3d at 1179.  Thus, Exhibit "E" to ECF No. 66 shall be filed under seal by the Clerk of the Court.

## V.  ORDER

This Court orders as follows:

1. The Court has reviewed the motion and deems it appropriate to require the Government to file a response.  The Court **ORDERS** the following briefing schedule for Defendant's motion:

a. The Government shall file and serve a response in opposition to Defendant's motion no later than January 11, 2021.  The opposition shall include any

documents relevant to the determination of the issues raised in the motion, including any relevant court transcripts.

   b. If Petitioner chooses to file a reply in support of his motion, he may do so no later than January 25, 2020.  Upon the filing of the foregoing, the parties shall await further order of this Court.

   c. The Clerk of Court shall serve a copy of the petition together with a copy of this order on the United States Attorney, or an authorized representative, at 880 Front Street, Room 6293, San Diego, California 92101.

  2. The Court **GRANTS** Defendant's Motion to Seal.  The Clerk of the Court is directed to file Exhibit E to Defendant's Motion to Reduce Sentence, which was lodged with the Court as ECF No. 67, under seal.

**IT IS SO ORDERED.**

DATED: December 14, 2020

              **HON. ROGER T. BENITEZ**
              United States District Judge